IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Jose Luis Gonzalez-Vargas,<br><br>　　　　　　　　Defendant. | CR-10-022-PHX-FJM<br>(Supervised Release Violation)<br><br>FINDINGS AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE UPON<br>ADMISSION |

TO: THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE.

　　　Upon defendant's request to admit to a supervised release violation pursuant to Rule 32.1, FED.R.CRIM.P., this matter came on for hearing before U.S. Magistrate Judge Michelle H. Burns on March 27, 2012, with the written consents of defendant, counsel for defendant, and counsel for United States of America and an Order of Referral from the assigned District Judge.

　　　In consideration of foregoing hearing and the statements made by the defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for defendant,

　　　(A)  I **FIND** as follows:

　　　(1) that defendant understands the nature of the supervised release violation and the nature of the violation that is being admitted;

(2) that defendant understands the right to a revocation hearing, to persist in the denials and to the assistance of counsel at a revocation hearing, to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination;

(3) that defendant understands what the maximum disposition for the supervised release violation; defendant also understands that the disposition guidelines are advisory only and that District Judge may depart from those guidelines under some circumstances;

(4) that defendant's admission to violating supervised release has been knowingly, intelligently and voluntarily made and are not the result of force or threats or of promises between the parties;

(5) that defendant is competent to admit to a supervised release violation;

(6) that defendant understands that answers may later be used against in a prosecution for perjury or false statement;

(7) that defendant understands that by admitting to violation of the supervised release is waiving the right to a revocation hearing;

(8)  that there is a factual basis for defendant's admission;

(9) that defendant is satisfied with the representation provided by defense counsel; and further,

(B)  **I RECOMMEND** that the defendant's admission be accepted.

# O R D E R

**IT IS ORDERED** that any objection to the admission proceedings and any request(s) for supplementation of those proceedings must be made by the parties in writing and shall be specific as to the objection(s) or request(s) made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an order of the assigned District  Judge.

**IT IS FURTHER ORDERED** that all character letters defendant would like the sentencing judge to read and consider before pronouncing disposition (including the translation of any documents from Spanish to English) must be submitted in paper form

with the original to the probation office and copies to the sentencing judge and opposing counsel no later than seven (7) business days prior to the disposition date or they may be deemed untimely by the sentencing judge and not therefore considered.  (ECF Manual, II § O at 24)

**IT IS FURTHER ORDERED** that any motions for upward departure, downward departure and disposition memoranda must be filed, at least, seven (7) business days prior to the disposition date.  Responses are due, at least, three (3) business days prior to the disposition date. Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.

DATED this 29th day of March, 2012.

Michelle H. Burns
United States Magistrate Judge